**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5270**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

HENRY P. BENNETT, JR., a/k/a Juni, a/k/a Unc,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:07-cr-00924-DCN-1)

─────────────

Submitted: May 17, 2010         Decided: June 3, 2010

─────────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────────

Affirmed in part; reversed in part by unpublished per curiam opinion.

─────────────

David B. Betts, Columbia, South Carolina, for Appellant. Kevin F. McDonald, Acting United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry P. Bennett, Jr., was found guilty after a jury trial for seven drug counts and one money laundering offense: conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count 1); possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) (Counts 2, 13); possession with intent to distribute a quantity of cocaine (Counts 6, 10); possession with intent to distribute 500 grams or more of cocaine (Counts 11, 12); and conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i), (a)(1)(B)(i) (West 2000 & Supp. 2009) (Count 14). Bennett received life sentences for Counts 1, 2, 11, 12, and 13, 360-month sentences for Counts 6 and 10, and a 240-month sentence for Count 14. All sentences were imposed to run concurrent to each other.

On appeal, Bennett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by denying Bennett's motion for acquittal based on sufficiency of the evidence. For the reasons that follow, we affirm in part and reverse in part.

We review the denial of a motion for acquittal de novo, United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), and will sustain a conviction if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).

Ample evidence supported all of Bennett's convictions, except for his conspiracy to commit money laundering charge (Count 14). We find the evidence failed to support Bennett's conviction under Count 14 and reverse that conviction, as it falls outside our extant case law to support either the promotion or concealment prong of the money laundering statute. See, e.g., United States v. Caplinger, 339 F.3d 226 (4th Cir. 2003) (international money laundering scheme to attract investment in bogus scheme to market worldwide a drug promised to be effective in treating HIV/AIDS and cancer); United States v. Stewart, 256 F.3d 231 (4th Cir. 2001) (upholding money laundering conviction based on bicoastal distribution of large amounts of marijuana where drugs were shipped into Virginia by overnight courier; defendant Livingston recruited various people and provided them with aliases to receive wire transfers; in three-year period defendant Stewart received 136 wire transfers and money parcels totaling $345,840); and United States v. Wilkinson, 137 F.3d 214 (4th Cir. 1998) (defendants borrowed money from a Maryland lender, fraudulently representing that

3

they were financing accounts receivable of physicians in exchange for perfected security interests in the physicians' accounts, with defendants obtaining in excess of three million dollars through wire transfers by submitting dummy loan requests via facsimile).  Thus, we reverse Bennett's conviction for Count 14.

In accordance with Anders, we have reviewed the entire record in this case, including the issues raised in Bennett's pro se supplemental brief, and have found no other meritorious issues for appeal.  Accordingly, we affirm the remainder of Bennett's convictions and sentences.  We deny Bennett's pending pro se motion to vacate the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
REVERSED IN PART